**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Victor M. Padilla, | ) | No. CV-06-286-PHX-LOA |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Bechtel Construction Company, etc.; et al., | ) | |
| Defendants. | ) | |

This matter arises on Plaintiff's Motion to Reassign to Magistrate[1] in Flagstaff or Back to District Judge (docket # 16), filed on October 9, 2006. The subject motion was filed after this Court's October 3, 2006 order setting a Rule 16 scheduling conference before the undersigned in Phoenix on October 16 and then reset to October 17, 2006 by agreement of all counsel. (dockets # 14 and # 15)  Hence, it is imperative to rule on the pending motion before counsel travel to the Phoenix courthouse for tomorrow's proceedings. Defendant

---

[1] Counsel are informed that Congress changed the formal title of United States Magistrate to United States Magistrate Judge in the Judicial Improvement Act of 1990, effective December 1, 1990. Section 321 of Pub. L. No. 101-650; §102, 104 Stat. 5089, 5116, as set out as a note under 28 U.S.C. § 631; *United States v. Steelwright*, 179 F.Supp. 2d 567, 569 n.3 (D. Md. 2002). Thus, a magistrate judge may be appropriately called judge or magistrate judge but not magistrate. The official title was changed because it "[was] believed [it would] 'help educate attorneys and litigants about the magistrate judges' status as authoritative judicial officers within the federal courts.'" *In re 4330 N. 35th St.*, 142 F.R.D. 161, 165 (E.D.Wis.1992) (quoting Christopher Smith, *From U.S. Magistrate to U.S. Magistrate Judges*, 75 Judicature 210, 212 (1992)).

1  Bechtel Construction Company ("Bechtel") opposes plaintiff's motion. Defendant Carpenter's
2  Local 408 has not yet responded to Plaintiff's motion.
3       A review of the Court's file indicates that all parties consented to magistrate
4  judge jurisdiction on or before September 12, 2006. (docket # 13)  On September 19, 2006,
5  the formerly-assigned Senior United Sates District Judge, the Honorable Earl H. Carroll,
6  assigned this case to the undersigned "for all further proceedings [] in accordance with 28
7  U.S.C. 636(c) [and] Fed. R. Civ. P. 73 . . . ." (*Id.*)  Plaintiff's counsel now requests this Title
8  VII discrimination case be reassigned to the magistrate judge in Flagstaff because he
9  "assumed" "that this Northern Arizona case would for purposes of economy be assigned to
10 a US Magistrate (sic) in Flagstaff and Plaintiff explicitly consented . . . upon the assumption
11 that to conserve scarce resources, it would be assigned to the Magistrate [Judge] sitting in
12 Flagstaff in Northern Arizona. (docket # 16 at 1)  Plaintiff cites no statutory or case law
13 authority supporting his arguments or motion.
14      Bechtel, represented by Phoenix lawyers employed by Snell & Wilmer, L.L.P.,
15 oppose Plaintiff's motion because, it argues, once the parties consent to magistrate judge
16 jurisdiction and the case is reassigned to a magistrate judge, it is "entirely inappropriate" for
17 a party to "seek reassignment to some other Magistrate [Judge] or request that the District
18 Court Judge take the case back. (docket # 17 at 1)  Bechtel's counsel provides the Court with
19 a copy of Plaintiff's counsel's September 18, 2006 letter to Judge Carroll, corroborating
20 Flagstaff counsel's assumption that this case would be "reference[d]" to the Flagstaff
21 Magistrate Judge because it "is convenient to and agreed upon by all the parties as the most
22 economical way to litigate this matter." (*Id.*; Exhibit ("Exh") 1)  The letter is signed by only
23 Plaintiff's counsel with copies mailed to both defense counsel. Supporting its opposition to
24 the subject motion, co-counsel Joshua R. Woodard provides a declaration under penalty of
25 perjury that he sent a letter to Plaintiff's counsel on October 6, 2006, stating that any attempt
26 to reassign this matter to another magistrate judge would be inappropriate.  The Court agrees
27 with Bechtel's counsel that reassignment at this time is inappropriate.
28

First, Plaintiff's October 6, 2006 letter is signed by only Plaintiff's counsel and can not reasonably be viewed as a stipulation to assign this case to Magistrate Judge Aspey in Flagstaff because it is not signed by the attorneys to be bound or made orally in open court. LRCiv 83.7.[2] Assuming *arguendo* that defense counsel may have led Plaintiff's counsel to believe that he/they would agree to have the case assigned to the Flagstaff Magistrate Judge, defense counsel is not bound by any such oral statement under the District of Arizona's Local Rules and, assuming all counsel did agree in writing, it is highly unlikely that Judge Carroll would have permitted the lawyers to engage in such forum or judge shopping.

Secondly, a party in a federal civil case has, subject to some exceptions, a constitutional right to proceed before an Article III judge. *Dixon v. Ylst,* 990 F.2d 478, 479 (9th Cir.1993); *Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc.*, 725 F.2d 537, 541 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824 (1984). The case law, however, is clear that once the parties have waived their right to trial or assignment of their case to an Article III judge, there is no absolute right to withdraw a validly given consent to assignment to a magistrate judge absent a showing of bias or prejudice of the assigned magistrate judge. *Dixon,* 990 F.2d 480 citing *Carter v. Sea Land Services, Inc*., 816 F.2d 1018, 1021 (5th Cir.1987). The consent statute does, however, provide for withdrawal of the assignment upon a showing of "extraordinary circumstances" by any party. 28 U.S.C. § 636(c)(4). Certainly, the convenience of the only lawyer who practices in Flagstaff and only party who lives in Springerville, in eastern Arizona, do not constitute extraordinary circumstances to assign the

---

[2] LRCiv 83.7 provides:

 (a) Generally. No agreement between parties or attorneys is binding, if disputed, unless it is in writing signed by the attorney of record or by the unrepresented party, or made orally in open court and on the record; provided, however, that in the interests of justice the Court shall have the discretion to reject any such agreement.

- 3 -

case to the Flagstaff Magistrate Judge. Additionally, there has been no attempt by Plaintiff to show any bias or prejudice of the undersigned to warrant reassignment.

Finally, when Plaintiff's counsel was admitted to practice in the District of Arizona in January, 2006, he knew or should have known that this District Court is governed by, among others, its Local Rules.  LRCiv 73.1(d)[3] makes clear that the parties may not stipulate to a particular magistrate judge and that cases assigned to magistrate judges are done so by random assignment by the Clerk. Plaintiff's motion will be denied.

The Court informs counsel that since the judge's bench at the historic federal courthouse in Prescott is inaccessible for a judge who uses a wheelchair, the Court will transfer the trial and all further matters in this case to the Sandra Day O'Connor U.S. Courthouse in Phoenix pursuant to its discretion in 28 U.S.C. 1404(c) and LRCiv 77.1(c) ("**Unless otherwise ordered by the court**, . . .") (emphasis added). The District of Arizona covers the entire Sate of Arizona. LRCiv 77.1(a). Thus, like Nevada and Alaska, Arizona does not have official, statutory divisions within the District of Arizona.  United States v. Rybachek, 643 F.Supp. 1086 (D. Alaska, 1986); El Ranco, Inc. v. First National Bank, 406 F.2d 1205 (9th Cir.1969), cert. denied, 396 U.S. 875, 90 S.Ct. 150, 154, 24 L.Ed.2d 133; 28 U.S.C. § 1404(c).

**IT IS ORDERED** Plaintiff's Motion to Reassign to Magistrate in Flagstaff or Back to District Judge (docket # 16) is **DENIED**.

---

[3] LRCiv provides in part:
   d) **Assignment of Cases by Automated Random Selection**. The parties may not consent to trial before a particular Magistrate Judge. Cases will be assigned within each division equally among the Magistrate Judges of the division by the Clerk (or by the deputy designated by the Clerk) by automated random selection and in such a manner so that neither the Clerk nor any parties or their attorneys shall be able to make a deliberate choice for a particular case. The cases so assigned shall remain with the Magistrate Judge to whom assigned unless otherwise ordered by the Court.

1 **IT IS FURTHER ORDERED** affirming the Rule 16 scheduling conference before the undersigned on **Tuesday, October 17, 2006 at 10:00 a.m.** Plaintiff's counsel may appear telephonically by calling this Court at (602) 322-7620 promptly at the assigned time.

**IT IS FURTHER ORDERED** transferring this case to Phoenix for trial and all further matters. All pleadings filed hereinafter shall contain the following number and initials: No. CV-06-286-PHX-LOA.

**IT IS FURTHER ORDERED** that counsel and any party, if unrepresented, shall hereinafter comply with the Rules of Practice for the United States District Court for the District of Arizona, as amended on December 1, 2004. The District's Rules of Practice may be found on the District Court's internet web page at www.azd.uscourts.gov/. All other rules may be found at www.uscourts.gov/rules/. The fact that a party is acting pro se does not discharge this party's duties to "abide by the rules of the court in which he litigates." Carter v. Commissioner of Internal Revenue, 784 F.2d 1006, 1008 (9th Cir. 1986).

Chambers' staff shall immediately fax a copy of this order to all counsel of record.

DATED this 16th day of October, 2006.

Lawrence O. Anderson
United States Magistrate Judge