**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Victor M. Padilla,<br><br>   Plaintiff,<br><br>vs.<br><br>Bechtel Construction Company, etc.; et al.,<br><br>   Defendants. | No. CV-06-286-PHX-LOA<br><br>**ORDER** |

This is the time set for the Rule 16(b), FED.R.CIV.P. Scheduling Conference. Plaintiff is represented telephonically by counsel, Richard M. Grimsrud. Defendant Bechtel Construction Company is represented by counsel, Joshua R. Woodard. Defendant Carpenter's Local 408 is represented telephonically by counsel, Desmond C. Lee. Court reporter is not present.

All parties have heretofore consented to magistrate judge jurisdiction pursuant to 28 U.S.C. §636(c). (docket # 13) Pursuant to the parties' discussions with the Court today and the various deadlines in their Rule 26(f) Joint Proposed Case Management Plan (docket # 11), filed on September 1, 2006, as their proposed case management plan, the Court will set the various deadlines for the judicial management of this case.

**IT IS ORDERED** that the parties, by and through their counsel, shall comply with the following deadlines which were mostly agreed to by all counsel. Stipulations extending the time for the doing of any act required by the Court or the Rules of Civil Procedure will

be treated as a joint motion subject to Court approval. LRCiv. 7.3; *Gestetner Corp. v. Case Equipment Company*, 108 F.R.D. 138 (D. Maine 1985)(good cause not shown to amend scheduling order); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir.1994)("Federal Rule of Civil Procedure 16 is to be taken seriously"). Continuances of these deadlines may be granted only upon a showing of good cause and by leave of the assigned trial judge. Settlement negotiations, however, do not constitute good cause.

1. The parties confirm that no party has made his/its Rule 26(a) initial disclosures prior to today. Each party shall exchange his/its Rule 26(a) initial disclosures by **November 3, 2006**.

2. Filing motions to amend pleadings and motions to join additional parties by **January 19, 2007**.[1]

2. Because the Court believes that staggered expert disclosure is more fair and will less likely result in requests for a modification of these deadlines, Plaintiff's disclosure of expert testimony and reports required under Rule 26(a)(2)(B), Fed.R.Civ.P. shall be made by **April 2, 2007.** Defendants' disclosures of expert testimony and reports required under Rule 26(a)(2)(B), Fed.R.Civ.P., shall be made by **May 2, 2007.** Plaintiffs' disclosure of true rebuttal expert testimony and reports solely to contradict or rebut evidence as required under Rule 26(a)(2)(C), Fed.R.Civ.P. shall be made by **June 4, 2007**.

Each testifying expert witness (regardless of whether such expert witness has or has not been specifically retained for this case, such as, a treating physician, or if the expert

---

[1] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir.1992) (once scheduling order is filed pursuant to Rule 16(b), the good cause standard controls over the Rule 15(a) standard). In *Coleman v. Quaker Oats Company*, 232 F.3d 1271, 1294 (9th Cir. 2000), the Ninth Circuit stated:

> Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings. In this case, however, the district court correctly found that it should address the issue under Federal Rule of Civil Procedure 16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [plaintiffs] moved to amend.

- 2 -

1  is an employee of the calling party) shall provide a written report to the adverse party as
2  required by Rule 26(a)(2)(B). *Minnesota Mining and Manufacturing Co. v. Signtech USA,*
3  *Ltd.*, 177 F.R.D. 459 (D. Minn. 1998).

4  No expert witness not timely disclosed will be permitted to testify unless the party
5  offering such witness demonstrates: (a) that the necessity of such expert witness could not
6  have been reasonably anticipated at the time of the deadline for disclosing such expert
7  witness; (b) the Court and opposing counsel or unrepresented party were promptly notified
8  upon discovery of such expert witness; and (c) that such expert witness was promptly
9  proffered for deposition. *Wong v. Regents of the University of California*, 379 F.3d. 1097 (9th
10 Cir. 2004); Rule 37(c)(1), FED.R.CIV.P.

11 3. Disclosure of all known witnesses, exhibits and other matters under Rule
12 26(a)(3), Fed.R.Civ. P. and supplementation of all discovery pursuant to Rule 26(e),
13 Fed.R.Civ. P. by **July 6, 2007**.

14 4. Completion of all discovery: **August 6, 2007**.

15 5. Filing dispositive motion(s) on or before **September 7, 2007**. Any cross-
16 motion(s) for summary judgment or any other dispositive motion(s) may be filed on or before
17 **October 8, 2007**; provided, however, such motions are related **solely** to the specific issue(s)
18 directly raised in the initial dispositive motion(s).

19 Pursuant to stipulation and good cause appearing,

20 Pursuant to Rule 5(b)(2)(D), FED.R.CIV.P. and this Court's adoption of rules
21 regarding electronic filing, the parties consent and agree that service under Rule 5(a) may be
22 obtained on the other party by delivering a copy of the document by electronic means.
23 Service by electronic means is complete upon transmission. The parties also advise the Court
24 that counsel are registered and will comply with the District Court's Case
25 Management/Electronic Case Filing ("CM/ECF") Administrative Policies and Procedures
26 Manual. See the District Court's internet site (www.azd.uscourts.gov) and click onto the
27 CM/ECF link for the details of the District Court's electronic filing system. Additionally, due
28 to the likelihood of the amendments to the Rules of Civil Procedure regarding discovery of

- 3 -

1  electronically stored information becoming effective December 1, 2006, the Court and
2  counsel generally discuss issues relating to the preservation, production and privilege of such
3  information. See proposed amendments to Civil Rules 16, 26, 33, 34, 37 and 45; Anthony
4  J. Battaglia, *Dealing With Electronically Stored Information: Preservation, Production And*
5  *Privilege*, The Federal lawyer, May, 2006, pp. 26 - 31. All counsel expressly indicate no
6  concerns about any such issues at this time.

7  Counsel are hereby advised that the Court has various audio/visual equipment
8  available for use at an evidentiary hearing or trial at no cost to the Bar.  This equipment
9  includes an evidence presentation system, which consists of a document camera, digital
10 projector, and screen.  The projector may be used to display images which originate from
11 a variety of sources, including television, VCR, and personal computer.  The document
12 camera may be used to display documents, photographs, charts, transparencies, and small
13 objects.  For further information please contact the Court's A/V Specialist, Brian Lalley at
14 (602) 322-7131.

15 **IT IS FURTHER ORDERED** that the Court may set an another Rule 16(b)
16 Scheduling Conference after the Court's ruling on all dispositive motions; after completion
17 of all discovery, if no dispositive motion is timely filed; or upon written request from any
18 party to discuss the setting of a jury trial and all issues related thereto, i.e. the length and
19 times of trial, motions in *limine*, *Daubert* hearings, etc.  Counsel shall bring their calendars
20 with them to this conference.

21 **IT IS FURTHER ORDERED** that the parties shall keep the Court apprised of
22 the possibility of settlement and should settlement be reached, the parties shall
23 immediately file a Notice of Settlement with the Clerk of the Court with a copy to this
24 Court's chambers. LRCiv 40.2(d).  This Court views compliance with the provisions of
25 this Order as critical to its case management responsibilities and the responsibilities of the
26 parties under Rule 1 of the Federal Rules of Civil Procedure.

27 The parties are advised that when sufficient information has been disclosed
28 between the parties to fairly appreciate and evaluate the strengths and weaknesses of the

1  claims and defenses alleged in this case, a settlement conference before another U.S.
2  magistrate judge may be requested. Delay in requesting, scheduling or concluding a
3  settlement conference or settlement negotiations do not constitute good cause to continue
4  or extend the deadlines set herein.
5      After considering Plaintiff's Reply filed on October 17, 2006 at 2:55 p.m. and
6  reconsidering its order,
7      **IT IS FURTHER ORDERED** that this Court's order, faxed to all counsel of
8  record on October 17, 2006, denying Plaintiff's Motion to Reassign to Magistrate (Judge)
9  in Flagstaff or  Back to District Judge (docket # 16) is hereby **AFFIRMED**.
10     Plaintiff's counsel orally requests that if there is a trial in this matter, that the
11 trial be held at the federal courthouse in Flagstaff, Arizona.
12     **IT IS FURTHER ORDERED** that Plaintiff's oral motion for trial in Flagstaff
13 is **DENIED**.
14     DATED this 17th day of October, 2006.

Lawrence O. Anderson
United States Magistrate Judge