**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Victor M. Padilla,<br><br>       Plaintiff,<br><br>vs.<br><br>Bechtel Construction Company, a Nevada corporation; Carpenters Local 408,<br><br>       Defendants. | No. CV-06-286-PHX-LOA<br><br>**ORDER** |

       This matter arises on Defendant Carpenters Local 408's ("Local 408") Motion for Judgment on the Pleadings (docket # 30), filed on December 19, 2006; Plaintiff's Motion to File Surresponse and Proposed Surresponse (docket # 35) to the second Reply to Response to Local 408's Motion for Judgment on the Pleadings; Plaintiff's Motion to Amend Complaint[1] (docket # 41), filed on February 9, 2007; and various related pleadings.

       The pleading that started the unauthorized escalation of filings between counsel was Defendant Local 408's pleading titled "Reply." (docket # 32) The Court deems this "pleading" to be a motion for summary disposition pursuant to LRCiv 7.2(c). Secondly, Plaintiff's Motion to File Surresponse and Proposed Surresponse (docket # 35) is neither authorized by Rule 7, FED.R.CIV.P., any other Rule of Civil Procedure, or the District's Local

---

[1] Contrary to LRCiv 15.1(a) and (b), the original amendment shall not be filed as an exhibit to the Motion for Leave to Amend. Plaintiff's counsel corrected this error when he lodged the proposed Amended Complaint on February 12, 2007.

1  Rules nor will the Court exercise its wide discretion to further heighten the developing
2  acrimony and apparent absence of cooperation between counsel. Unprofessional conduct
3  between counsel serves no useful purpose. It does, however, increase the cost of litigation
4  to the overall detriment of the lawyers' clients and hinders a busy court's ability to manage
5  litigation and administer justice. Defendant Local 408's motion for summary disposition and
6  Plaintiff's Motion to File Surresponse and Proposed Surresponse will be summarily denied
7  and Plaintiff's Proposed Surresponse and Defendant Local 408's Response to Plaintiff's
8  Motion to File Surresponse and Proposed Surresponse (docket # 36; incorrectly labeled
9  "Reply") will be stricken as improvidently filed without the express prior leave of the Court.

## A. UNTIMELY RESPONSE TO DISPOSITIVE MOTION

11  Plaintiff's counsel clearly gives little, if any, deference to the deadlines set forth
12  in both the October 18, 2006 Scheduling Order (docket # 23) and the District Court's Local
13  Rules. LRCiv 7.2(c)[2] requires a responsive pleading be filed "within ten (10) days after
14  service" of a motion.  After calculating ten days, excluding Saturdays, Sundays and legal
15  holidays[3] plus an additional three days for electronic mailing per Fed. R. Civ. P. 5(b)(2)(D)
16  and Rule 6(e), Plaintiff's Response to Defendant Local 408's Motion for Judgment on the
17  Pleadings was due no later than January 10, 2007. Plaintiff's January 15, 2007 Response was
18  untimely filed by five days. (docket # 33)

19  Plaintiff's counsel, presumably a Flagstaff sole practitioner, accepts no
20  responsibility for the untimeliness of his Response to Defendant Local 408's dispositive

---

[2] "(c) Responsive Memorandum. The opposing party shall, unless otherwise ordered by the Court and except as otherwise provided by Rule 56 of the Federal Rules of Civil Procedure, and Rules 12.1,54.2(b), and 56.1, Local Rules of Civil Procedure, have ten (10) days after service in a civil or criminal case within which to serve and file a responsive memorandum."

LRCiv 7.2(c)

[3] This would include not counting January 2, 2007, a national day of mourning as declared by President Bush for the passing of former President Gerald R. Ford.

1 motion for allegedly being absent from his legal practice and office "from December 15, 2 2006 through January 15, 2007." (docket # 33 at 2)  Rather, Plaintiff's counsel, without 3 providing a declaration under penalty of perjury, faults defense counsel and his client 4 because they supposedly "knew that Plaintiff['s counsel] could not timely respond to its 5 Motion for Judgment on the Pleadings, which [was] filed on Tuesday [,] December 19, 6 2006." Plaintiff's counsel offers neither an explanation for how Defendant Local 408 or its 7 San Francisco counsel knew Plaintiff's counsel would be out-of-town during this period of 8 time nor provides any authority for the proposition that defense counsel was legally obligated 9 to wait to file his dispositive motion until it was convenient for Plaintiff's counsel to respond. 10 He also fails to explain why he did not make arrangements for emergency coverage of his 11 cases during his month-long absence. Plaintiff's counsel does not claim that he lacked access 12 to a computer, his or someone else's, to periodically check for e-filings that needed 13 immediate attention while he was out of his office. Also noticeably absent from his untimely 14 Response is any reason, much less a good one, why Plaintiff's counsel did not immediately 15 telephone defense counsel to seek a stipulation for a brief extension of time to respond when 16 he first learned of the filing of Defendant Local 408's dispositive motion.

17 The Court has given much thought to how to fairly handle the shortcomings of 18 Plaintiff's counsel's representation of his client and the corresponding impact every possible 19 scenario would have on Plaintiff, defense counsel and his clients. The Court concludes that 20 it is unduly harsh to Plaintiff to summarily grant Defendant's dispositive motion solely 21 because Plaintiff's counsel's response was a mere five-days late.  In light of the purpose of 22 the Federal Rules of Procedure to reform the "sporting" theory of trial and to allow for a 23 rational and well-balanced search for truth, *Hickman v. Taylor*, 329 U.S. 495, 500-01(1947); 24 the public policy favoring resolution of disputes on the merits, *Foman v. Davis*, 371 U.S. 25 178, 181 (1962) ("It is too late in the day and entirely contrary to the spirit of the Federal 26 Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere 27 technicalities."); and the fact that the Court discerns no unfair prejudice to Defendants, and 28 defense counsel alleges none, by taking this action, the Court will exercise its discretion to

1  consider Plaintiff's Motion for Leave to Amend Complaint before considering Defendant
2  Local 408's dispositive motion.

3  Before addressing the merits of Plaintiff's Motion for Leave to Amend Complaint,
4  the Court will emphasize two important points for the attorneys' future management of this
5  case for which they should plan accordingly.

6  First, due to the downward spiral of the lawyers' inability to communicate and to
7  cooperate with each other, the Court will order all counsel herein to reread the Standards for
8  Professional Conduct for practicing in the District Court of Arizona or future sanctions may
9  be imposed for non-compliance with these Standards or other rules. See, e.g., Standards for
10 Professional Conduct, # 17 ("We will agree to reasonable requests for extensions of time and
11 for waiver of procedural formalities, provided our clients' legitimate rights will not be
12 materially or adversely affected."); Rule 11, FED.R.CIV.P.; LRCiv 83.1(f).

13 Secondly, the Court will not give Plaintiff's counsel any more "Mulligans"[4] to
14 correct substandard practice. It is not fair to adverse counsel or his clients. Plaintiff's counsel
15 must strictly comply with all deadlines, Rules of Civil Procedure and the Local Rules
16 throughout the balance of this litigation. He is expressly warned that the Court may, in its
17 discretion, treat Plaintiff's counsel failure to timely respond to any motion or a failure to
18 timely comply with any order, Rule of Procedure or Local Rule to be Plaintiff's counsel's
19 consent to the granting of that Motion without further notice and, if appropriate, enter
20 judgment dismissing this action with prejudice pursuant to LRCiv 7.2(i). *Brydges v. Lewis*,
21 18 F.3d 651 (9th Cir. 1994) (per curiam); *Ghazali v. Moran*, 46 F.3d 52 (9th Cir.1995) (per
22 curiam); *Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir.1995).

---

[4] A Mulligan is "[a]n extra stroke allowed after a poor shot (esp. a tee-shot) in a friendly game [of golf], not counted on the score card. Oxford English Dictionary, (2004 edition)

- 4 -

1   Plaintiff's counsel shall also provide a complete copy of this Order to his client 2 within five days of counsel's receipt of this Order and shall timely file a Notice of 3 Compliance.

### B. MOTION TO AMEND COMPLAINT

Plaintiff's Motion for Leave to Amend his Complaint raises two procedural issues: the untimeliness of the Motion and whether "good cause" exists to consider the merits of the Motion.

**1. Untimeliness**

At the Rule 16 scheduling conference and in the Court's October 18, 2006 Scheduling Order (docket # 23), the Court made it explicit to counsel that the deadlines in its order are real, are "to be taken seriously" by the parties and their counsel and would not be extended except "upon a showing of good cause and by leave of the assigned trial judge." (docket # 23 at 2) Moreover, in footnote 1, the Court warned counsel that, unlike state court, "once a scheduling order is filed pursuant to Rule 16(b), the good cause standard controls over the Rule 15(a) standard," citing Ninth Circuit authority. (*Id.*)

The Ninth Circuit has clarified why the Rule 16 deadlines should be taken seriously:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

*Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir.2005); *Hostnut.Com, Inc.v. Go Daddy Software, Inc.*, 2006 WL 2573201 *3 (D. Ariz. 2006). "Further, . . . rules are rules - and the parties must play by them. In the final analysis, the judicial process depends heavily on the judge's credibility. To ensure such credibility, a district [or magistrate] judge must often be firm in managing crowded dockets and demanding adherence to announced deadlines." *Singh v. Arrow Truck Sales, Inc.*, 2006 WL 1867540 *2 (E.D. Cal 2006).

The Rule 16 Scheduling Order's deadlines, set in deference to the dates both counsel orally requested at the scheduling conference,[5] required all amendments to pleadings be filed by January 19, 2007. Plaintiff's February 9, 2007 Motion for Leave to Amend his Complaint was untimely filed by 21 days. (docket # 41)

Had Plaintiff filed his motion to amend before the October 18, 2006 Scheduling Order was entered, the Court would have certainly granted his motion. Under Rule 15(a), leave to amend shall be "freely given when justice so requires." Fed.R.Civ.P. 15(a). "In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. at 182. None of the examples given in *Foman* would have justified the denial of Plaintiff's leave to amend his Complaint before the October 17, 2006 Scheduling Conference.

**2. Good Cause**

Since the scheduling conference was held, Plaintiff must show "good cause" for any amendment to his Complaint. Rule 16(b), FED.R.CIV.P.; *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir.1992); October 18, 2006 Scheduling Order (docket # 23).

Plaintiff's counsel argues that good cause exists to allow his amendment because "justice so requires" whereupon he reiterates the crux of Plaintiff's allegations of discrimination based upon national origin as alleged in his original Complaint, filed over a year ago. (docket # 41 at 1-2)  He then argues that amendment at this time is necessary

---

[5] The Court notes that the parties' Rule 26(f) Joint Proposed Case Management Plan (docket # 11) did not set forth a deadline for amendments to pleadings. This is unusual. The Court speculates that this failure is, at least in part, because the formerly assigned District Judge, prior to the consent of the parties, entered a pre-scheduling order that did not require such a deadline be set forth in their Plan despite the express language of Rule 16(b)1(1) mandating it. (Order entered on July 5, 2006; docket # 8)

- 6 -

1 because of the "resistence from Local 408 in providing [discovery] information about
2 referrals it made to [Defendant] Bechtel at the Springerville project near Plaintiff's home."
3 (*Id*. at 2)  While he opines Defendants already have notice of his client's retaliation claim as
4 a result of his EEOC filing, Plaintiff's counsel "moves to amend the Complaint herein to
5 specifically allege the retaliatory failure to hire [Plaintiff] by Bechtel after his layoff" as
6 alleged in paragraph 15 of the proposed Amended Complaint.

7 Although less than clearly stated, Plaintiff seeks to amend his Complaint to
8 formally allege a retaliation claim in his Amended Complaint against Defendant Bechtel that
9 Plaintiff intended to litigate at the time he filed his EEOC Charge of Discrimination against
10 Defendant Bechtel on August 27, 2004. (docket # 49; Exh. B at 2)  In fact, Defendant Local
11 408's Response acknowledges that Plaintiff's EEOC Charge expressly alleged a retaliation
12 claim: "[A]s an employee on a construction site, safety is important to me. I feel that because
13 I turned in [reported] safety issues, **I was retaliated and discriminated against by my**
14 **supervisors [names omitted] when I was laid off** on March 15, 2004." (docket # 48 at 3;
15 emphasis added)

16 Defendant Local 408 argues the motion should be denied because (1) the motion
17 to amend was untimely filed, (2) Plaintiff's proposed amendment is a futile attempt to raise
18 "new allegations" of retaliation that "were not raised in his EEOC charges" and "Padilla
19 cannot allege any credible cause of action" against Defendant Local 408 that was not timely
20 raised with the EEOC, and (3) the proposed amendment is an indirect, "bad faith attempt to
21 pursue frivolous, inappropriate, and irrelevant discovery." (docket # 48 at 3 and 4)   Except
22 for the untimeliness argument, the Court disagrees.

23 A review of the file reflects that since the scheduling conference, discovery has
24 just begun, the Complaint has not previously been amended, no dispositive motions have
25 been filed or granted, a trial date has not been set, and allowing amendment will not
26 prejudice Defendants in light of their actual notice of Plaintiff's claims in the EEOC Charge
27 of Discrimination. This is not a situation in which the Court is giving "ineffective litigants
28

1 a second chance to develop their case." *Reliance Ins. Co. v. Louisiana Land and Exploration*, 110 F.3d 253, 258 (5th Cir. 1997).

Plaintiff's motion to amend was filed only two days after this Court denied without prejudice Plaintiff's Motion to Compel discovery for another procedural irregularity by Plaintiff's counsel.[6] (docket # 40) The requested discovery sought by Plaintiff's counsel reasonably relates to Plaintiff's retaliation claim against Defendant Bechtel. The discovery motion argued that shortly after Plaintiff "made complaints about unsafe job conditions . . . . Bechtel continued to hire carpenters out of the 408 hall for employment at this Springerville project [but] Plaintiff was unable to secure any employment with Bechtel despite his request for work there near his home in St. Johns." This is not a request for discovery to create a question of fact on a new claim for retaliation against Defendant Local 408; but rather, an attempt to obtain legitimate discovery to prove Plaintiff's claim for discrimination and retaliation against Defendant Bechtel.

It is undisputed that federal subject matter jurisdiction over a Title VII discrimination claim cannot be exercised until a plaintiff first exhausts administrative remedies. *Delaware State College v. Ricks*, 449 U.S. 250, 256 (1980); *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176 (9th Cir.2000). Exhaustion of administrative remedies occurs when the complainant files a timely charge with the EEOC and gives the EEOC an opportunity to investigate the charge. See 42 U.S.C. § 2000e-5(b).

A district court may exercise jurisdiction over charges of discrimination that were a part of the EEOC's investigation or could be within the scope of an EEOC investigation that could reasonably arise from the asserted charges. *Knox v. City of Portland*, 2006 WL 223 3482 *2 (D. Or. 2006) (citing *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir.1994), quoting *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir.1990) (emphasis and footnote

---

[6] LRCiv 7.2(j) and Rule 37(a)(2), Federal Rules of Civil Procedure, require a certification that complies with and contains the statement that "after personal consultation and sincere efforts to do so, the parties and/or counsel have been unable to satisfactorily resolve the discovery dispute."

- 8 -

1  omitted); see also *Yamaguchi v. United States Dep't of the Air Force*, 109 F.3d 1475, 1480
2  (9th Cir.1997). Further, district courts must construe any charges filed with the EEOC
3  liberally when determining whether a plaintiff's claims are reasonably related to those EEOC
4  charges of discrimination. *Knox* at *2 (citing *Yamaguchi*, 109 F.3d at 1480).

5  A complaint in federal court must satisfy only the minimal notice requirements
6  of Fed.R.Civ.P. 8(a)(2), that is, it need only include "a short and plain statement of the claim
7  showing that the pleader is entitled to relief." *Potter v. Jones*, 319 F.3d 483, 494 (9th Cir.
8  2003).  Notice pleading requires a plaintiff to provide only the bare outlines of his or her
9  claim. "Except when specific pleading is required . . . evidentiary facts need not be set forth
10 in the complaint . . . [f]ederal courts and litigants must rely on summary judgment and
11 control of discovery to weed out unmeritorious claims . . . [t]hus, to the extent that a
12 complaint lacks detail that the defendants believe they need to investigate the claims and
13 prepare their defense strategy, they can obtain such detail readily through interrogatories or
14 early depositions." *Bautista v. Los Angeles County*, 216 F.3d 837, 843 (2000).

15 While the Complaint (docket #1 ) fails to expressly use the words "retaliate" or
16 "retaliation" and it is certainly not a model for pleading Title VII claims, defense counsel can
17 hardly claim surprise or lack of notice that Plaintiff is pursuing a retaliation claim in this
18 lawsuit against Defendant Bechtel in light of the above-quoted language in Plaintiff's EEOC
19 Charge and defense counsel's express acknowledgment in the parties' Rule 26(f) Joint
20 Proposed Case Management Plan (docket # 11) of what Plaintiff must prove to establish a
21 question of fact on a retaliation claim:

22 > For Plaintiff's **retaliation claim**, he must demonstrate a *prima facie* case by showing (1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) . . . .
23
24
(docket # 11 at 8; emphasis added)
25
Like the plaintiff in *Knox*, Plaintiff Padilla presented explicit allegations of
26
retaliation to the EEOC and described adverse employment actions he allegedly sustained.
27
Because of express Ninth Circuit authority requiring the liberal construction of EEOC
28

- 9 -

1 charges when determining whether plaintiff's claims are reasonably related to those EEOC
2 charges, *Yamaguchi*, 109 F.3d at 1480, this Court is compelled to conclude that Plaintiff's
3 allegations in his Complaint "reasonably related" to Plaintiff's allegations of unlawful
4 discrimination on the basis of race or national origin and retaliation expressly contained in
5 Plaintiff's EEOC charges against Defendant Bechtel.  If Defendants desire more specificity
6 of exactly how they are alleged to have violated Title VII prior to the Final Pretrial order or
7 why Defendant Local 408 is a defendant in this lawsuit, they may timely implement
8 interrogatories pursuant to Rule 33, FED.R.CIV.P., requesting those details. Nevertheless, the
9 Court's conclusion in this regard fails to resolve the untimeliness argument of Plaintiff's
10 motion to amend his Complaint.

11 Defendant Local 408's Response, footnote 2, correctly notes that Plaintiff does
12 not request a continuance of the January 19, 2007 amendment deadline and argues that
13 Plaintiff "fails to set forth facts relating to, much less meet the good cause standard for the
14 amendment of his Complaint under Rule 16(b)," citing *Johnson*, *supra*. *Johnson*, however,
15 provides the meaning of good cause *vis a vis* a requested amendment <u>after</u> an amendment
16 deadline has expired.

> [U]nlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment . . . 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief (citations omitted) . . . Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. (citation omitted) If that party was not diligent, the inquiry should end.

23 *Id*. at 609.
24 In *Johnson*, the court concluded that good cause did not exist because the moving party's
25 failure to timely request a scheduling order amendment resulted from his own inaction.
26 Those are not, however, the facts of this case.

27 It is true that Plaintiff's counsel has not asked that the deadline be extended;
28 nevertheless, he has been diligent in seeking amendment when placed in correct context.

- 10 -

1  Only two days after the Court denied without prejudice Plaintiff's Motion to Compel
2  discovery and shortly after Plaintiff's counsel realized that defense counsel was going to
3  argue herein that certain discovery should be denied as not relevant because Plaintiff had not
4  alleged a retaliation claim in his Complaint, he moved to amend the Complaint. (docket # 41)
5  Unlike state court, absent good cause, *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202
6  F.R.D. 612, 614 (D.Ariz.2001), the parties in a federal lawsuit "may not seek discovery from
7  any source before the parties have conferred as required by Rule 26(f)." Fed.R.Civ.P. 26(d).
8  Discovery in this case began after the October 16, 2006 scheduling conference, less than four
9  months before Plaintiff's filed his motion to compel discovery.[7]

10  For the reasons set forth above and in the interests of justice, the Court will *sua*
11  *sponte* authorize a one-time extension of the deadline for filing a motion to amend to
12  February 9, 2007, the date Plaintiff filed his Motion for Leave to Amend. The Court also
13  finds good cause to amend the Scheduling Order and grant Plaintiff's Motion for Leave to
14  Amend Complaint.

15  Accordingly,

16  **IT IS ORDERED** that Defendant Local 408's motion for summary disposition
17  (docket # 32) and Plaintiff's Motion to File Surresponse and Proposed Surresponse are
18  **DENIED**. Plaintiff's Proposed Surresponse (docket # 35-2) and Defendant Local 408's
19  Response to Plaintiff's Motion to File Surresponse and Proposed Surresponse (docket # 36;
20  incorrectly labeled "Reply") are hereby **STRICKEN** as filings unauthorized by the Court or
21  any rule of procedure.

24  / / /
25  / / /

---

[7] Counsel are reminded that discovery in this case ends on August 6, 2007. (docket # 23 at 3)

**IT IS FURTHER ORDERED** that all counsel[8] herein shall immediately reread and comply with the Standards of Professional Conduct located at the District of Arizona's website at www.azd.uscourts.gov, then clicking on link "Attorney Information," and then clicking on link "Attorney Admissions Information."

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend his Complaint is **GRANTED**. Pursuant to LRCiv 15.1(c), Plaintiff's Lodged Amended Complaint (docket # 43) is deemed filed the date this Order is entered by the Clerk. Defendants shall timely file an Amended Answer or otherwise file a Rule 12(c) motion.

Because Plaintiff's Amended Complaint supercedes the original Complaint, *Kirk v. Internal Revenue Service*, 1998 WL 681457 * 1 (D. Ariz. 1998) (citing *London v. Coopers & Lybrand*, 644 F.2d 811 (9th Cir.1981) (claims not realleged in amended complaint are deemed waived),

**IT IS FURTHER ORDERED** that Defendant Local 408's Motion for Judgment on the Pleadings (docket # 30) is **DENIED** without prejudice as moot.[9]

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall mail a true and complete copy of this Order to his client within five days of counsel's receipt of this Order.

/ / /

/ / /

---

[8] All lawyers admitted to practice in this District Court signed the following certification prior to admission: "My signature below indicates my confirmation to uphold the oath upon admission and that I have read and will ascribe to the Standards for Professional Conduct as adopted by the U.S. District Court for the District of Arizona . . . ."

[9] It is likely this motion would have been denied without prejudice notwithstanding Plaintiff's amendment motion because the motion required the Court to consider matters outside the pleadings, e.g., Plaintiff's EEOC Charge of Discrimination. FED.R.CIV.P. 12(c) provides that if matters outside the pleadings are presented to and not excluded by the court, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ." The parties must comply with all aspects of LRCiv 56.1 and its subparts or the motion will be denied.

Plaintiff's counsel shall file a Notice of Compliance by **5:00 p.m. (Arizona time) on Thursday, March 8, 2007**.

DATED this 27th day of February, 2007.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge