**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor M. Padilla, | No. CV-06-286-PHX-LOA |
| Plaintiff, | **ORDER** |
| vs. | |
| Bechtel Construction Company, a Nevada corporation; Carpenters Local 408, | |
| Defendants. | |

Defendant Bechtel Construction Company ("Bechtel") moves to dismiss Plaintiff Victor M. Padilla's ("Plaintiff" or "Padilla") claim of retaliation alleged in paragraph 15 of Plaintiff's Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief may be granted.[1] (docket # 56) All briefing has been submitted and the matter is ready for ruling. The parties have expressly consented to magistrate judge jurisdiction pursuant to 28 U.S.C. §636(c). (docket # 13)

---

[1] Bechtel's Motion alternatively seeks dismissal of the Amended Complaint's retaliation claim on the ground of lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Contrary to LRCiv 7.2(b)'s requirement that the motion "set[] forth the points and authorities relied upon in support of the motion," Bechtel's briefing fails to address the case law and standard for a district court to apply when considering dismissal for a claim of lack of subject matter jurisdiction. Thus, the Court will only consider Bechtel's Motion as only a Rule 12(b)(6) request for dismissal for failure to state a claim.

1         Neither side requested oral argument. LRCiv 7.2(f).  After review of the subject Motion, Plaintiff's Response in opposition thereto (docket # 63) and Bechtel's Reply (docket # 67), the Court finds that Plaintiff's retaliation claim alleged in paragraph 15 of Plaintiff's Amended Complaint is not like or reasonably related to Plaintiff's retaliation claim alleged in Plaintiff's August 24, 2004 Charge of Discrimination filed with EEOC. Therefore, the Amended Complaint fails to state a retaliation claim upon which relief may be granted. Bechtel's Motion to Dismiss (docket # 56) will be granted.

## I. BACKGROUND

        The facts relevant to the subject motion are not disputed. On January 20, 2006, Plaintiff filed the pending action alleging "the deprivation of rights secured by Title VII of the Civil Rights Act of 1964 (codified as 42 U.S.C. § 2000e et seq.) as amended by including but not limited to 42 U.S.C. § 1981a (hereinafter, "Title VII") . . . ." (docket # 1, ¶ 2)  The Amended Complaint claims that "[s]hortly after his hiring, Plaintiff and other Spanish-surnamed carpenters were subjected to racial slurs by their Anglo Company supervisors, including continuous references to Spanish-surnamed employees as 'f__ing Mexicans' and 'spicks.'" (docket # 51 at ¶ 12)  Plaintiff alleges that "[w]ithin the time required by law, Plaintiff filed with the U.S. Equal Employment Commission ["EEOC"] a charge of discrimination against Defendant Bechtel Power Corporation on or about August 27, 2004." (*Id*. at ¶ 9)  "On or about November 09, 2005, the EEOC mailed to Plaintiff a right-to-sue [letter] on his charge." (*Id*. at ¶ 10)

        The original Complaint's allegation of unlawful discrimination on the basis of national origin is clear and unequivocal. The original Complaint, however, does not contain a retaliation claim. Despite the Plaintiff's written representation that his original "Complaint alleged the discriminatory job conditions and retab1atory (sic") layoff," (docket # 63 at 4), and even viewing the Complaint in a light most favorable to Plaintiff, no retaliation claim or count was alleged in the original Complaint.  After the October 17, 2006 Rule 16 scheduling conference and as a result of a dispute over the scope of a discovery request, Plaintiff sought amendment to his Complaint on February 9, 2007. The Court granted Plaintiff leave to file

an amended complaint. On February 27, 2007, Plaintiff filed the Amended Complaint. Paragraph 15 of the Amended Complaint alleges:

> 15.   On or about March 15, 2004 when Plaintiff called the Carpenters Local 408 business manager about Bechtel's layoff of him, the business manager told him that if Plaintiff continued complaining Bechtel would never hire Plaintiff again, and, in fact, **Bechtel, upon Information and belief, retaliated against Plaintiff when Plaintiff filed a (sic) EEOC charge about the discriminatory layoff by failing and refusing to hire Plaintiff** even though Plaintiff was on the Local 408's referral list ahead of numerous other carpenters which 408 referred to Bechtel for employment at the Springerville project between 3/15/04 and the early part of 2006.

(docket # 51 at 4-5) (emphasis added). Rather than answering the Amended Complaint, Bechtel filed a motion to dismiss the retaliation claim pursuant to Rule 12(b)(6).

Prior to his attorney's filing the Complaint and while acting *pro se*, Plaintiff filed an administrative Charge of Discrimination on August 27, 2004.[2]  (Declaration of Desmond C. Lee, Exhibit 1 at 1; docket # 58-2)  A box at the top of the Charge's first page was checked which indicated the "Charge [was] presented to: EEOC." (*Id.*)  Bechtel does not argue that the Charge was erroneously misfiled. Other boxes on the Charge were checked which confirmed that Plaintiff's claims of unlawful employment discrimination are based on national origin and retaliation. (*Id.*)  The Charge's narrative expressly described that "[a]s an employee on a construction site, safety is important to me. I feel that because I turned in [reported] safety issues, **I was retaliated and discriminated against by my supervisors [names omitted] when I was laid off** on March 15, 2004." (*Id.*) (emphasis added).

For ease of reference and chronology, the Court refers to Plaintiff's EEOC claim of Bechtel's retaliatory lay off or firing for reporting Bechtel's safety violations as "Retaliation I." The second retaliation claim ("Retaliation II") alleges Bechtel's "fail[ure]

---

[2] Neither the Complaint nor Amended Complaint attaches a copy of Plaintiff's EEOC Charge. However, in ruling on a motion to dismiss, a district court "may consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Mahar v. City of Portland*, 2005 WL 465428 (D. Or. 2005) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998), *cert denied*, 525 U.S. 1001 (1998)). Because the parties refer to the EEOC charge and do not contest the authenticity of that document, this Court will consider its contents.

1 and refus[al] to rehire Plaintiff" in retaliation due to Plaintiff's filing an "EEOC charge about
2 discriminatory layoff." (docket # 51 at ¶ 15)  Bechtel's Motion to Dismiss seeks dismissal
3 of only Plaintiff's Retaliation II claim. (docket # 67 at 2)

4 There is no evidence or argument that prior to filing this lawsuit on January 20,
5 2006, Plaintiff or his attorney filed a second EEOC Charge or sought amendment to his
6 original Charge to include a claim that Bechtel refused to rehire Plaintiff in retaliation for
7 Plaintiff's filing claims of discrimination with the EEOC.

8 On September 26, 2005, the EEOC District Director issued its "reasonable cause"
9 determination letter to Plaintiff and Bechtel, finding that "Charging Party [Plaintiff] and at
10 least one other Hispanic employee were subjected to harassment because of their national
11 origin, in violation of Title VII . . . ." (Declaration of Desmond C. Lee, Exhibit 1 at 1; docket
12 # 58-3 at 1)  This determination letter expressly recognized that Plaintiff "allege[d] that he
13 was laid off in retaliation for complaining about safety issues" and acknowledges that the
14 "Commission ma[de] no finding regarding any [retaliation allegation] made in the charge."
15 (*Id.*)  The EEOC mailed its right-to sue letter on November 9, 2005. (docket # 51, ¶ 10)  On
16 January 20, 2006, less than ninety days after the issuance of the right-to-sue letter, Plaintiff
17 commenced this action in federal court. (docket # 1)

18 **II.  LEGAL STANDARD**

19 In a motion to dismiss for failure to state a claim under FED.R.CIV.P. 12(b)(6),
20 the district court considers the legal sufficiency of Plaintiff's claims.  A complaint should not
21 be dismissed unless "it appears beyond doubt that plaintiff can prove no set of facts in
22 support of his claim which would entitle him to relief." *Vignolo v. Miller*, 120 F.3d 1075,
23 1077 (9th Cir. 1997)(citing *Parks School of Business v. Symington*, 51 F.3d 1480, 1484 (9th
24 Cir. 1995)). Dismissal for failure to state a claim can be based on either the "lack of a
25 cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal
26 theory." *Balistren v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  In a
27 Rule 12(b)(6) motion to dismiss "all factual allegations set forth in the complaint are taken
28 as true and construed in the light most favorable to plaintiffs." *Lee v. City of Los Angeles*, 250

1  F.3d 668, 679 (9th Cir. 2001) (citation and internal quotation marks omitted). The district
2  court, however, is not required to accept every conclusion asserted in the complaint as true;
3  rather, the court "will examine whether conclusory allegations follow from the description
4  of facts alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992)
5  (quoting *Brian Clewer, Inc. v. Pan American World Airways, Inc.*, 674 F.Supp. 782, 785
6  (C.D. Cal. 1986)). Where a motion to dismiss is granted, a district court should provide leave
7  to amend unless it is clear that the complaint could not be saved by any amendment.
8  *Gompper v. VISX*, *Inc*., 298 F.3d 893, 898 (9th Cir. 2002).

## III. THE EEOC ADMINISTRATIVE PROCESS

Before filing suit for retaliation[3] or any other discriminatory claim made unlawful by Title VII, the aggrieved employee must exhaust the employee's administrative remedy by filing a timely and sufficient charge with the appropriate administrative agency and obtain a right-to-sue letter. Title 42 U.S.C. §§ 2000e-5(b), (f)(3), and 16(c). A failure of exhaustion in the form of a failure to timely file an administrative claim is not jurisdictional and may be raised as an affirmative defense to the claim. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Thus, a failure to timely file an EEOC charge is "not a jurisdictional prerequisite to filing a Title VII suit. Rather, it is a requirement subject to waiver, estoppel, and equitable tolling 'when equity so requires.'" *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 121 (2002) (citing *Zipes*, 455 U.S. 398); *Albano v. Schering-Plough Corporation*, 912 F.2d 384, 387 (9th Cir. 1990) ("not jurisdictional but is merely a condition precedent to suit."), *cert. denied*, 493 U.S. 815 (1989).

Generally, once a complainant has filed a verified charge with EEOC alleging an unlawful employment practice, the EEOC will investigate the claim. Title 42 U.S.C. § 2000e-5(b). If the EEOC determines that reasonable cause exists to support the discrimination charge, it will attempt to reach a voluntary conciliation agreement acceptable

---

[3] Title 42 U.S.C. § 2000e-3(a) makes it unlawful "for an employer to discriminate against any of his employees . . . because he has opposed . . . an unlawful employment practice . . . , or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

1   to the EEOC. Title 42 U.S.C. § 2000e-5(f)(1); *Alexander v. Gardner-Denver Co.*, 415 U.S.
2   36, 44 (1974). "If the EEOC is unable or unwilling to resolve the controversy and if no action
3   has occurred after 180 days and the complainant wishes to withdraw the matter from EEOC
4   jurisdiction, the EEOC issues a so-called 'right to sue letter.' Issuance of this letter terminates
5   EEOC jurisdiction and its ability to act and 'reactivates' the individual's right to bring a civil
6   action under Title VII." *Kirk v. Rockwell Intern. Corp.*, 578 F.2d 814, 823 (9th Cir. 1978).
7   "If the individual does not file suit within 90 days, however, the right is extinguished." *Id.*
8   (citations omitted).

9         "The administrative charge requirement serves the important purposes of
10  giving the charged party notice of the claim and 'narrow[es] the issues for prompt
11  adjudication and decision.'" *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir.2002)
12  (citations omitted); *Garcia v. Los Banos Unified School Dist.*, 418 F.Supp.2d 1194, 1212
13  (E.D. Cal. 2006). "'[E]xhaustion of administrative remedies' is central to the purpose of
14  federal anti-discrimination statutes, which is to provide the EEOC (or equivalent state
15  agency) with a chance to informally resolve employment discrimination claims before resort
16  to litigation." *Devereaux v. East Bay Conservation Corp.*, 1998 WL 917798, at *3 (N.D.
17  Cal. 1998) (dismissing claims of race and sex discrimination based on the same set of facts
18  from which plaintiff only alleged age discrimination in the EEOC charge; filing amended
19  charge of unexhausted claims with EEOC after lawsuit and motion to dismiss filed
20  unpersuasive to district court to avoid dismissal of unexhausted claims)). "[T]he charge must
21  at least describe the facts and legal theory with sufficient clarity to notify the agency that
22  employment discrimination is claimed." *Ong v. Cleland*, 642 F.2d 316, 319 (9th Cir.1981)
23  (Constructive discharge is a distinct adverse employment action from failure to promote).
24  "A claimant's failure to amend his charge to include a new claim is essentially the same as
25  a claimant's failure to file an EEOC charge for the new claim." *Albano*, 912 F.2d at 387.

26        "[T]itle VII's purpose [is] eliminating the effects of discrimination in the
27  workplace. . . ." *Johnson v. Transportation Agency, Santa Clara County, California*, 480
28  U.S. 616, 630 (1987). In enacting Title VII, Congress intended the statute's procedural

requirements to be liberally construed in order to remedy discrimination in the workplace and to preserve a claimant's federal remedies in discrimination suits. *Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1177 (9th Cir.1999) (citing EEOC v. *Commercial Office Prods.*, 486 U.S. 107, 124 (1988) ( "Title VII . . . is a remedial scheme in which laypersons, rather than lawyers, are expected to initiate the process.")). When a defendant employer specifically denies that a plaintiff has exhausted his administrative remedies, the burden of proof rests with plaintiff to show that he has satisfied the requirement. *McBride v. Citgo Petroleum Corp.*, 281 F.3d 1099, 1105 (10th Cir. 2002); *Equal Employment Opportunity Comm'n v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir.1994) (couched in terms of establishing subject matter jurisdiction).

**IV. EXHAUSTION AND THE "REASONABLY RELATED" EXCEPTION**

Claims of discrimination and retaliation not included in a timely-filed EEOC charge may not be considered by a district court unless the new claims are "like or reasonably related to" the allegations contained in the EEOC charge.[4] *Lyons v. England*, 307 F.3d 1092, 1104 (9th Cir. 2002) (quoting *Green v. Los Angeles County Superintendent of Schs.*, 883 F.2d 1472, 1475-76 (9th Cir. 1989)). A district court has jurisdiction over any charges of discrimination that are "within the scope of the EEOC's actual investigation or an 'EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994) (quoting *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990)); *Yamaguchi v. United States Dep't of the Air Force*, 109 F.3d 1475, 1480 (9th Cir. 1997). A district court "should consider a plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those

---

[4] Bechtel's Reply questions the continued viability of the "like or reasonably related to" exception for unexhausted claims after *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). (docket # 67 at 4-5) *Morgan* abrogated the continuing violation doctrine as previously applied to claims of discriminatory or retaliatory actions by employers, and replaces it with the principle that each discrete incident of such treatment constitutes its own "unlawful employment practice" for which administrative remedies must be exhausted. *Id.* at 110-113. This Court need not decide this issue here since the Ninth Circuit has continued to recognize the exception in cases subsequent to *Morgan* and the pending motion may be resolved under established precedent.

1 claims are consistent with the plaintiff's original theory of the case." *B.K.B.*, 276 F.3d at 1100. "If closely related incidents occur after a charge has been filed, additional investigative and conciliative efforts would be redundant." *Brown v. Puget Sound Elec. App. & Train. Trust*, 732 F.2d 726, 730-31 (9th Cir.1984). "'To require a second "filing" by the aggrieved party [] would serve no purpose other than the creation of an additional procedural technicality.'" *Id*. (citing *Ramirez v. National Distillers & Chemical Corp*., 586 F.2d 1315, 1320 (9th Cir.1978)).

When determining whether a lawsuit's claim is "reasonably related" to an EEOC charge, the charge filed with the EEOC is construed "'with utmost liberality since they are made by those unschooled in the technicalities of formal pleading.'"*B.K.B.*, 276 F.3d at 1100; *Yamaguchi*, 109 F.3d at 1480. "[C]ourts should not use Title VII's administrative procedures as a trap for unwary *pro se* civil-rights plaintiffs . . . ." *Duncan v. Delta Consol. Industries, Inc*., 371 F.3d 1020, 1025 (8th Cir. 2004). On the other hand, "[a]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Id*. (quoting *Babrocky v. Jewel Food Co. & Retail Meatcutters*, 773 F.2d 857, 863 (7th Cir.1985)(internal marks omitted)). "[I]t is well established that retaliation claims are not reasonably related to underlying discrimination claims." *Id*. (citing *Wallin v. Minn. Dep't of Corrs.*, 153 F.3d 681, 688 (8th Cir.1998)).

In determining whether a plaintiff has exhausted Title VII claims that are "like or reasonably related to" claims that a plaintiff did not identify in his administrative charge, a district court considers "such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." *B.K.B. v. Maui Police Dep't*, 276 F.3d at 1100; *Vasquez v. County of Los Angeles*, 349 F.3d 634, 644-645 (9th Cir. 2004) (employee's retaliation claim based on his filing of discrimination charge with EEOC was not administratively exhausted). Additionally, the district court should

consider plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case. *B.K.B.*, 276 F.3d at 1100 (citing *EEOC v. Farmer Bros. Co.*, 31 F.3d at 899) (ruling that plaintiff exhausted her claim for discriminatory layoff since that claim was always a part of the plaintiff's theory of the case as expressed in her explicit allegations of discriminatory failure to recall and to rehire laid-off female employees).

## V. RETALIATION

To sustain his retaliation claim, a plaintiff must show: "(1) he engaged in a **protected activity**; (2) his employer subjected him to an adverse employment action; and (3) that a causal link exists between the protected activity and the adverse action." *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir.2000) (emphasis added). By its plain terms, Title 42 U.S.C. § 2000e-3(a) recognizes two types of retaliation: an employer who discriminates against an employee or job applicant because the employee (1) has opposed an unlawful employment practice (called the "opposition" clause), or (2) has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing concerning alleged unlawful employment practices (called the "participation clause"). Case law has clarified that Title VII's anti-retaliation provision and analogous provisions in other federal anti-discrimination statutes do not make actionable retaliation against an employee that is not "protected activity" within the meaning of Title VII. *Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir.1988) (The "opposed conduct must fairly fall within the protection of Title VII to sustain a claim of unlawful retaliation."); *Silver v. KCA, Inc.*, 586 F.2d 138, 142 (9th Cir.1978) ("[U]nder the clear language of the 'opposition' clause . . . , a case of retaliation has not been made out unless the 'retaliation' relates to the employee's opposition to a [Title VII] violation."); *Shipley v. Hawaii, Dept. of Education*, 2007 WL 188029 (D. Haw. 2007).

## VI. ANALYSIS

This Court is mindful that because Padilla filed his EEOC charges *pro se*, his claims are construed "'with utmost liberality since they are made by those unschooled in the technicalities of formal pleading'" when determining whether his lawsuit's claims are "like

1  or reasonably related" to the EEOC charges. *B.K.B.*, 276 F.3d at 1100. However, "there is
2  a difference between liberally reading a claim which 'lacks specificity,' and inventing, *ex*
3  *nihilo*, a claim which simply was not made." *Id*. This Court is bound by *Vasquez v. County*
4  *of Los Angeles*, *supra*., and other established Ninth Circuit precedent. Plaintiff's Retaliation
5  II claim must be dismissed as unexhausted.

6  While a claim may be made in Arizona against an employer who took adverse
7  employment action against an employee for reporting safety violations to appropriate
8  authorities,[5] no retaliation claim exists under Title VII for an employer's refusal to rehire an
9  employee for reporting safety violations to the EEOC. Elimination of safety violations in
10 employment does not "fairly fall within the protection of Title VII to sustain a claim of
11 unlawful retaliation." *Learned*, 860 F.2d. at 932. Padilla's reporting of safety violations
12 clearly does not "relate[] to [Padilla's] opposition to a [Title VII] violation" *Silver v. KCA,*
13 *Inc.*, 586 F.2d at 142. Just like the plaintiff in *Learned,* Padilla did not allege in his August
14 2005 retaliation claim filed with the EEOC that he was laid off or not rehired by Bechtel
15 because he opposed discrimination based upon race, color, religion, sex, or national origin.
16 *Learned*, 860 F.2d 928, 932. Unlike the Retaliation II claims alleged in this lawsuit, the
17 Retaliation I claim related to Padilla's filing a claim against Bechtel because he "turned in
18 [reported] safety issues[.]" (Declaration of Desmond C. Lee, Exhibit 1 at 1; docket # 58-2)
19 Similar to Learned's claim rejected by the Ninth Circuit, Padilla "could not reasonably have
20 believed that [Bechtel retaliated] against him [for safety violations] in violation of Title VII,
21 and therefore, he cannot claim that he was retaliated against for opposing discrimination
22 prohibited by Title VII." *Learned*, 860 F.2d. at 932.

23 Plaintiff's counsel's untimely attempt to allege Retaliation II in the Amended
24 Complaint that Bechtel "retaliated against Plaintiff when Plaintiff filed a (sic) EEOC charge
25 about the discriminatory layoff by failing and refusing to hire Plaintiff" is too late to salvage

---

[5] See, Arizona Employment Protection Act of 1996, A.R.S. § 23-1501(3); *Galati v. America West Airlines, Inc.*, 205 Ariz. 290, 69 P.3d 1011 (Az. Ct. App. 2003); but see, *Wagner v. City of Globe*, 150 Ariz. 82, 722 P.2d 250 (1986) (genuine issues of material fact existed whether employee was wrongfully discharged for whistleblowing activities).

- 10 -

1    an exhausted retaliation claim. Padilla's basis for Retaliation I alleged in his EEOC Charge
2    was clear and unequivocal: Padilla was laid off because he reported Bechtel's safety
3    violations. The Retaliation I claim (reporting safety violations) is not a protected activity
4    opposing an unlawful employment practice within the meaning of Title VII. *Learned*, 860
5    F.2d. at 932. This is not a case where a *pro se* retaliation charge filed with the EEOC was
6    vague and non-specific. To authorize as exhausted the Retaliation II claim (retaliation for
7    filing EEOC claim of discrimination), the basis of which is wholly unrelated to the basis of
8    Retaliation I, would frustrate the important statutorily-mandated investigatory and
9    conciliatory roles of the EEOC in the administrative process as well as deprive Bechtel of
10   fair notice of the Retaliation II charge. Based on the Retaliation I claim, the EEOC would
11   have had no reason to investigate Bechtel for a charge beyond the scope of Title VII's
12   remedial purpose nor would Bechtel have reasonably believed that the Retaliation II claim
13   was inherent in the Retaliation I claim.

14          After considering the factors whether the new claim (Retaliation II) is "like or
15   reasonably related to" the allegations contained in the EEOC charge (Retaliation I), the Court
16   concludes that the Retaliation II claim is not like or reasonably related to Retaliation I.
17   *Vasquez*, 349 F.3d at 644-645; *Lyons*, 307 F.3d at 1104; *B.K.B.*, 276 F.3d at 1100; *Green*,
18   883 F.2d at 1475-76. As discussed above, the original EEOC investigation would have not
19   reasonably encompassed the Retaliation II claim because nothing in the Retaliation I claim
20   would have alerted the EEOC that Bechtel allegedly retaliated against Plaintiff for filing his
21   EEOC claims. Admittedly, both claims are retaliation claims; however, the Retaliation I and
22   Retaliation II claims are not so closely related that an EEOC investigation of the second
23   would have been redundant of the first. Secondly, the Retaliation II claim is not consistent
24   with the Retaliation I claim because reporting safety violations is wholly unrelated to a claim
25   of retaliation for filing an EEOC claim. The latter is a protected activity within the meaning
26   of Title VII and the former is not. Thirdly, even recognizing that the Retaliation I claim was
27   filed by a non-law trained litigant and liberally construing that claim, to find here that the
28   Retaliation II claim was administratively exhausted would be tantamount to "inventing, *ex*

*nihilo*, a claim which simply was not made," *B.K.B.*, 276 F.3d at 1100, and establishes a precedent that any retaliation claim was properly exhausted if a non-discriminatory retaliation claim was filed EEOC and the retaliation box was checked on the EEOC charge.

In *Vasquez*, plaintiff's EEOC charge alleged only harassment and different treatment based on national origin, but the plaintiff alleged in his federal lawsuit two unexhausted retaliation claims for filing the discrimination charge with the EEOC (1) against co-worker Leeds for threatening to transfer plaintiff if he pursued his discrimination claim and not assigning him overtime duty, and (2) against another co-worker Berglund who transferred plaintiff. Although the EEOC charge did not allege a retaliation claim, the Ninth Circuit found that

> "[w]hile Leeds' threat of transfer is similar to her transfer of Vasquez out of turquoise cottage, Leeds was not the individual accused of harassment [in the EEOC charge]. The EEOC would have reasonably investigated conduct of Berglund but not conduct of Leeds. Because Vasquez did not present the legal theory of unlawful retaliation, and the operative facts regarding this part of his claim were not related to the facts in the EEOC charge, he did not exhaust his administrative remedies. (footnote omitted) Thus, we have no jurisdiction to hear the claim that the County retaliated against Vasquez for filing an EEOC charge.

*Vasquez*, 349 F.3d at 645. Thus, because the Ninth Circuit believed the EEOC investigation could "reasonably be expected" to include the unfiled retaliation claim against Berglund for the grievance Vasquez filed with the EEOC, summary judgment was inappropriately granted as to the unexhausted Berglund retaliation claim[6] and granted on the unexhausted Leeds retaliation claim. Similarly, a reasonable EEOC investigation of Padilla's non-discriminatory Retaliation I claim and the operative facts regarding his national original discrimination claim were not reasonably related to Padilla's Retaliation II claim such that any EEOC investigation on Retaliation I would not have encompassed the Retaliation II claim. Padilla has failed to exhaust the Retaliation II claim.

---

[6] Dismissal of Vasquez' retaliation claim on the basis of Berglund's conduct was affirmed on other grounds because plaintiff failed to show that "assuming that the transfer is an adverse employment action, he ha[d] not shown either a causal link or that the employer's proffered reason was pretextual." *Vasquez*, 349 F.3d at 647.

1 Plaintiff's reliance on *Burlington No. & Sante Fe v. White*, 364 F.3d 789 (6th Cir. 2004), *affirmed by*, __ U.S. __, 126 S.Ct. 2405 (2006) (Supreme Court held that the anti-retaliation provision extends beyond actions and harms that relate or occur at the workplace); *Lyons*, *supra*., *Valentine-Johnson v. Roche*, 386 F.3d 800, 811, 812 (6th Cir. 2004)[7]; and *Almendral v. New York State Office of Mental Health*, 743 F.2d 963 (2nd Cir. 1984) are unavailing because the cases are neither controlling on the issue sub judice or have already been discussed herein.

Finally, Plaintiff's counsel offers no argument, legal authority or evidence that the Retaliation II claim is "subject to waiver, estoppel, or equitable tolling 'when equity so requires.'" *National R.R. Passenger Corp. v. Morgan*, 536 U.S. at 121. The doctrine of equitable tolling is an equitable exception to the exhaustion requirement and focuses on a plaintiff's excusable ignorance and lack of prejudice to the defendant. *Leong v. Potter*, 347 F.3d 1117, 1123 (9th Cir.2003) (citing *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000)); *Rodriguez v. Airborne Express*, 265 F.3d 890, 901-02 (9th Cir. 2001). If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." *Leorna v. U.S. Dep't of State*, 105 F.3d 548, 551 (9th Cir. 1997); *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002). However, "once a claimant retains counsel, tolling ceases because [he] has gained the means of knowledge of [his] rights and can be charged with constructive knowledge of the law's requirements." *Leorna*, 105 F.3d at 551.

Plaintiff's original claims were filed with the EEOC on August 27, 2004. Nearly 16 months later on January 20, 2006, his Complaint was filed. Over two and one-half years after Padilla's EEOC Charge was filed, Plaintiff's counsel added a retaliation claim to this lawsuit for the first time. Plaintiff or his attorney had more than adequate time to amend the EEOC Charge to allege the Retaliation II claim. Plaintiff's counsel has failed to meet his

---

[7] The Court assumes this is the cite Plaintiff's counsel intended to cite. There is no case titled *Johnson v. Cambden PD* found at "208 F.3d 2000." (docket # 63 at 7)

burden that all the elements of equitable tolling apply to the Retaliation II claim. *Rodriguez*, 265 F.3d at 902. Like the plaintiff's claim in *Leong*, even if equitable tolling were available, tolling would excuse delay, but not Padilla's complete failure to file the Retaliation II claim with the EEOC. *Leong*, 347 F.3d at 1123.

Accordingly,

**IT IS ORDERED** that Defendant Bechtel Construction Company's Motion to Dismiss (docket # 56) is **GRANTED** and the retaliation claim alleged in paragraph 15 of the Amended Complaint is hereby dismissed with prejudice. Leave to amend the Amended Complaint is not granted because Plaintiff's retaliation claim alleged in the Amended Complaint can not be saved by amendment.

DATED this 25th day of April, 2007.

Lawrence O. Anderson
United States Magistrate Judge